UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN JENKINS                                         CIVIL ACTION

VERSUS                                                   NO. 19-278-JWD-EWD

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff Kathleen Jenkins ("Plaintiff") on March 27, 2017 in St. Tammany Parish, Louisiana when Plaintiff's vehicle was struck in the front by the vehicle driven by Ty Anthony Priola (the "Accident").[1] On or about March 25, 2019, Plaintiff filed her Original Petition for Damages ("Petition") against her uninsured/underinsured motorist insurer, State Farm Mutual Automobile Insurance Company ("State Farm") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On May 6, 2019, State Farm removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana and State Farm is an

---
[1] R. Doc. 1-2, ¶ III.
[2] R. Doc. 1-2.
[3] R. Doc. 1, ¶¶ 14, 16.

Illinois corporation with its principal place of business in Illinois; therefore, complete diversity of citizenship appears to exist.[4]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges Plaintiff's injuries as follows:

VI.

> Petitioner, KATHLEEN JENKINS, avers that the sudden, unexpected, and violent blow of the collision caused her to receive severe and painful injuries to her mind and body, which include, but are not limited to: complaints of chest pain and right forearm pain with abrasions, swelling and bruising, nausea, a fractured sternum, cervical spine pain, headaches, a cervical disc herniation measuring 4.5 mm at C5-6, and a disc bulging at C6-7, which are requiring ongoing therapeutic, diagnostic and possible operative care.

VII.

> The injuries caused by the above described accident have caused Petitioner, KATHLEEN JENKINS, prolonged pain and suffering, extending to the present date, and will continue to cause Petitioner future pain, suffering, and medical expenses.[6]

In connection with these injuries, Plaintiff seeks damages for past, present, and future medical expenses, physical pain and suffering and loss of function, and mental anguish and emotional distress, as well as loss of enjoyment of life, permanent partial disability, costs, and interest.[7]

In the Notice of Removal, State Farms solely relies on the above allegations as support for the assertion that "it is facially apparent that the amount in controversy exceeds $75,000, exclusive

---

[4] R. Doc. 1, ¶¶ 6-7 and see R. Doc. 1-2, introductory paragraph.
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-2, ¶¶ VI-VII.
[7] R. Doc. 1-2, ¶ VIII and prayer for damages.

of interest and costs for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332."[8] However, the foregoing does not provide enough information to determine if Plaintiff's claims will exceed $75,000 exclusive of interest and costs. First, Plaintiff's general allegations of "severe and painful injuries to mind and body," chest, arm, and cervical spine pain, bruising and swelling, headaches, nausea and demands for general categories of damages (*e.g*., medical expenses, physical pain and suffering, and mental anguish, etc.)[9] are insufficient. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., and cases cited therein.[10] Further, the limited description of Plaintiff's actual injuries (which alleges a fractured sternum, a cervical disc herniation at C5-6, and a disc bulge at C6-7), and the demand for damages due to "permanent partial disability," while more instructive are still insufficient.[11] The Petition does not provide any information regarding the extent of the fracture or any related treatment. Additionally, State Farm has cited no authority that would indicate whether damages associated with a fractured sternum are sufficient to exceed the jurisdictional minimum and a general review of quantum cases demonstrates that general damages awards for *multiple* bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections.[12] Finally, this Court has

---

[8] R. Doc. 1, ¶¶ 11-14.
[9] R. Doc. 1-2, ¶¶ VI-VIII.
[10] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[11] R. Doc. 1-2, ¶¶ VI and VIII.
[12] *Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) *citing Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/9/14), 153 So.3d 460, 464 (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, 09-1233 (La. App. 4 Cir. 4/14/10), 37 So.3d 1054, 1062 (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic

recognized that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[13] Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including damages for a herniated disc meets the amount in controversy requirement when balanced with other information in the record.[14] The *Robinson* Court specifically noted that: "Although damage awards in cases involving non-surgical herniated discs are usually below the jurisdictional minimum, those cases vary greatly depending on what other injuries are involved and the type of treatment recommended."[15] Further, even where some courts have ultimately found the amount in controversy met based on disc herniation, those courts have noted the amount in controversy was not facially apparent where, as here, the Petition lacked specificity.[16]

In this case, there is no indication of whether surgery is recommended for Plaintiff, the specific treatment Plaintiff has received, the actual amount of medical expenses Plaintiff has incurred thus far, the nature of Plaintiff's alleged "permanent partial disability," or whether

---

in origin, and pain for a period of 4 years); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169 (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 6/28/06), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, 04-1415 (La. App. 5 Cir. 3/29/05), 900 So.2d 1014, 1019 (affirming general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, 33,701 (La. App. 2 Cir. 8/23/00), 765 So.2d 1185, 1190 (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs and slight encroachment between vertebra); *but see Locke v. Young*, 42,703 (La. App. 2 Cir. 12/12/07), 973 So.2d 831, 847 (reducing award of $150,000 in general damages award for two bulging discs to $75,000).

[13] *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011).

[14] *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at **4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

[15] 2011 WL 2790192, at *4, n. 4.

[16] *See, e.g., No. 05-1778, Reeves v. TPI Restaurants, Inc.*, 2007 WL 1308380, at *1 (W.D. La. April 13, 2007) (where court relied on MRIs and cited jurisprudence). *See also*, *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011) (where court relied on medical reports and jurisprudence).

Plaintiff is currently working/expected to return to work and/or other work limitations. State Farm has not offered any relevant medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands,[17] discovery responses, and/or stipulations exchanged among the parties.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **May 23, 2019**, State Farm Mutual Automobile Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **June 6, 2019**, Plaintiff Kathleen Jenkins shall file either: (1) a Notice stating that Plaintiff does not dispute that State Farm has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, May 9, 2019.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[17] Although the Petition alleges "amicable demand to no avail," R. Doc. 1-2, ¶10, there is no information in the Notice of Removal regarding any demands from Plaintiff.

[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").